| | | | |
|---|---|---|---|
| Case No.: | CV 19-09061 CJC (RAO) | Date: | February 4, 2020 |
| Title: | Daniel S. Luna v. Avalos et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**

On October 7, 2019, Plaintiff Daniel S. Luna ("Plaintiff"), a California prisoner proceeding *pro se*, filed a Complaint in the Southern District of California. Dkt. No. 1. Plaintiff also filed a Request to Proceed Without Prepayment of Filing Fees ("IFP Request"). Dkt. No. 2. The case was transferred to this district on October 18, 2019. Dkt. No. 3. On October 28, 2019, the IFP Request was denied with leave to amend. Dkt. No. 6. On January 2, 2020, Plaintiff filed a First Amended Complaint ("FAC"). Dkt. No. 13. The FAC is brought against three correctional officers and one physician at California State Prison – Los Angeles County ("CSP-LAC") in their individual capacities. *Id.* Plaintiff also filed a second IFP Request, Dkt. No. 14, which will be granted concurrently with the issuance of this order. For the reasons set forth below, the FAC is **DISMISSED** with leave to amend.

## I. THE SCREENING REQUIREMENT

Congress mandates that district courts screen civil complaints filed by individuals proceeding *in forma pauperis* and those filed by a prisoner seeking redress from a government entity or employee. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a). The Court may dismiss such a complaint, or any portion thereof, before service of process if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b)(1)-(2); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

To determine whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Federal Rules of Civil Procedure ("FRCP") Rule 8 as it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 19-09061 CJC (RAO)      Date: February 4, 2020
Title: Daniel S. Luna v. Avalos et al.

would when evaluating a motion to dismiss under FRCP 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). That is, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. E. 2d 868 (2009) (quotations omitted). The task is context-specific and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must construe all factual allegations set forth in the complaint as true and in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

The Court may consider exhibits attached to the pleading and incorporated by reference, but is not required to blindly accept conclusory allegations, unwarranted factual deductions, or unreasonable inferences. *See Petrie v. Electronic Game Card, Inc.*, 761 F.3d 959, 964 n.6 (9th Cir. 2014); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); s*ee also* Fed. R. Civ. P. 10(c). Nor is the Court required to accept as true allegations that are contradicted by the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

## II.     ALLEGATIONS OF THE COMPLAINT

Plaintiff brings claims under 42 U.S.C. § 1983 against three correctional officers and one physician employed at CSP-LAC. FAC at 1-4. Plaintiff alleges that Defendants Avalos and Rose used excessive force on Plaintiff in violation of the Eighth Amendment. *Id.* at 3, 5. Plaintiff alleges that Defendant Roblon stole Plaintiff's personal property. *Id.* at 3. Finally, Plaintiff alleges that Dr. Swabay committed medical malpractice. *Id.* at 4.

## III.     LEGAL STANDARDS

### A.     42 U.S.C. § 1983

42 U.S.C. section 1983 ("Section 1983") provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES – GENERAL

Case No.: CV 19-09061 CJC (RAO)　　　　　　　　　Date: February 4, 2020
Title: Daniel S. Luna v. Avalos et al.

Section 1983 does not create substantive rights, but instead acts as a vehicle for bringing federal constitutional and statutory challenges to actions by state and local officials. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### B. Excessive Force

The Eighth Amendment is violated when a prison official applies force "'maliciously and sadistically for the very purpose of causing harm[,]'" *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986) (citation omitted), rather than in a good-faith effort to maintain or restore discipline and order. *See Hudson v. McMillian,* 503 U.S. 1, 6, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id*. at 9. Nor does force that is only objectively unreasonable. *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). Whether force is excessive is based on multiple factors, including, the extent of the injury sustained, the need for the application of force, the relationship between the need and the force the official used, the threat the official reasonably perceived, and any efforts made to temper the severity of a forceful response. *Hudson,* 503 U.S. at 7.

### C. Due Process

Although prisoners may not be intentionally deprived of their property without due process of law, a mere lack of due care by a state official does not deprive an individual of property under the Fourteenth Amendment. *Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) (internal citation omitted). Furthermore, if a "meaningful post-deprivation remedy" exists, then even an intentional deprivation of property by a state employee does not constitute a violation of due process. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). The Ninth Circuit has found that "California Law provides an adequate post-deprivation remedy for any property deprivations." *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir.1994) (citing Cal. Gov't Code §§ 810–895).

///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 19-09061 CJC (RAO)                                    Date:   February 4, 2020
Title:     Daniel S. Luna v. Avalos et al.

### D.    Medical Indifference

The government must give medical care to incarcerated persons. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citing *Estelle v. Gamble,* 429 U.S. 97, 103-05, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).  Failure to do so can constitute an Eighth Amendment violation. *Id.*  In order to prevail on an inadequate medical care claim, a plaintiff must show "deliberate indifference to his serious medical needs." *Id.* (quotations omitted).  In the Ninth Circuit, the test for deliberate indifference consists of two parts. *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006).  "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.* (internal quotation marks and citation omitted).  "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id.* (citation omitted).

To satisfy the first prong, a plaintiff must demonstrate the existence of a serious medical need, which exists when the failure to treat the condition may result in significant injury or cause the unnecessary and wanton infliction of pain. *Id.*  Indications of a serious medical need include injuries a reasonable doctor or patient would find important and worthy of treatment, the presence of a medical condition which significantly affects a person's daily activities, or the existence of chronic and substantial pain. *See McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992).

"Th[e] second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096; *see Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a plaintiff must show an official knew of and disregarded a serious risk to his health).  "Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care,'" but "an 'inadvertent [or negligent] failure to provide adequate medical care' alone does not state a claim." *Jett*, 439 F.3d at 1096 (alteration in original) (citations omitted).  "A difference of opinion does not amount to a deliberate indifference to [a prisoner's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A showing of negligence or medical malpractice also does not meet the high standard of deliberate indifference. *See Toguchi*, 391 F.3d at 1060 ("Deliberate indifference is a high legal standard.  A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 19-09061 CJC (RAO) | Date: | February 4, 2020 |
| Title: | Daniel S. Luna v. Avalos et al. | | |

## IV. DISCUSSION

The FAC appears to be a collection of at least three discrete incidents by different individuals that are unrelated to each other. A plaintiff may join persons as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The "same transaction" requirement "refers to similarity in the factual background of a claim." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). Plaintiff is cautioned that if he is able to state claims that survive screening in a further amended complaint, claims against defendants who are not properly joined in the action will be subject to dismissal without prejudice to bringing those claims in a separate action.

### A. Plaintiff Fails to State Excessive Force Claims against Defendants Avalos and Rose.

Plaintiff alleges that these defendants engaged in excessive force or an assault, but does not include any additional factual allegations, such as when the incident occurred, how any force was applied, or any other facts that would show in a non-conclusory manner that Defendants used force "maliciously and sadistically for the very purpose of causing harm" in violation of the Eighth Amendment. *Whitley*, 475 U.S. at 320-21. Plaintiff's conclusory allegations against these defendants fail to state a claim. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (internal punctuation and citation omitted)).

Plaintiff also attaches a crime/incident report and a medical report of injury or unusual occurrence. *See* FAC at 15-16. These documents show that Plaintiff may have sustained non-serious abrasions from contact with staff, but there are no other details regarding the incident. *Id.* Even with a liberal construction of the allegations and the attachments, Plaintiff has not stated sufficient facts for an excessive claim against Defendants Avalos and Rose.

### B. Plaintiff Fails to State a Due Process Claim against Defendant Roblon.

Plaintiff's allegation against Defendant Roblon could be liberally construed as a due process claim for deprivation of property. However, Plaintiff has not alleged any facts to support this claim other than the bare, conclusory allegation that there was "theft of personal property."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 19-09061 CJC (RAO) | Date: | February 4, 2020 |
| Title: | Daniel S. Luna v. Avalos et al. | | |

FAC at 3. Moreover, Plaintiff has not alleged whether he has utilized his prison's post-deprivation remedy for any lost property or why that process has been inadequate. *See Palmer*, 468 U.S. at 533 ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy."). Accordingly, Plaintiff fails to state a claim against Defendant Roblon.

### C. Plaintiff Fails to State a Medical Indifference Claim against Dr. Swabay.

Plaintiff alleges that Dr. Swabay committed "medical malpractice," but does not allege any facts to support this claim. FAC at 4. Even if Plaintiff had alleged facts to support a medical malpractice claim, "[a] showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Toguchi*, 391 F.3d at 1060. Plaintiff has not alleged any facts to show that Dr. Swabay was aware that Plaintiff had a serious medical need and was deliberately indifferent to that need. *See Jett,* 439 F.3d at 1096. Although Plaintiff attaches a response to his healthcare grievance as an exhibit, the response provides that Plaintiff was seen for a colonoscopy on October 25, 2019, and was seen by a medical provider on November 2, 2019. *See* FAC at 11-12. The grievance reviewer determined that no intervention was needed and explained that Plaintiff is enrolled in the Chronic Care Program and is being monitored by a primary care provider. *Id.* The attachment thus does not support an Eighth Amendment deliberate indifference claim. Accordingly, Plaintiff fails to state a claim against Dr. Swabay.

### D. Plaintiff is Granted Leave to Amend.

Federal Rule of Civil Procedure 15 provides that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has further stated that a district court should grant leave to amend "if it appears at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31 (citing *Balistreri*, 901 F.2d at 709). Because it is possible for Plaintiff to state a set of facts that would correct the defects described above, the Court grants Plaintiff leave to amend.

///
///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 19-09061 CJC (RAO) | Date: | February 4, 2020 |
| Title: | Daniel S. Luna v. Avalos et al. | | |

## V. CONCLUSION

In light of the foregoing, the FAC is hereby **DISMISSED** with leave to amend.

If Plaintiff intends to pursue this matter, he shall file a "Second Amended Complaint" by **March 3, 2020**. If, given the contents of this Order, Plaintiff elects not to proceed in this action, he may expedite matters by signing and returning the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice. Any amended complaint must: (a) be labeled "Second Amended Complaint"; (b) be complete in and of itself and not refer in any manner to prior complaints, *i.e.*, it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2; (c) contain a "short plain" statement of the claim(s) for relief, *see* Fed. R. Civ. P. 8(a); (d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1); (e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b); (f) set forth clearly the sequence of events giving rise to the claims for relief; and (g) allege with sufficient specificity what each defendant did and how that individual's conduct violated Plaintiff's civil rights.

**Plaintiff is cautioned that, absent further order of the Court, his failure to timely file a Second Amended Complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

**Finally, the Clerk is directed to provide a Central District of California Civil Rights Complaint Form, CV-66, to Plaintiff to facilitate his filing of a Second Amended Complaint if he elects to proceed in that fashion.**

**IT IS SO ORDERED.**

Attachments:
Notice of Dismissal
Form CV-66

| | : | |
|---|---|---|
| | Initials of Preparer | dl |