UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 19-9061-MCS (PD) | Date: June 7, 2021 |
| Title *Daniel S. Luna v. Avalos et al.* | |

Present: The Honorable: Patricia Donahue, U.S. Magistrate Judge

| Isabel Martinez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** **(In Chambers) Order to Show Cause Why Case Should Not be Dismissed for Failure to Prosecute**

On June 25, 2020, Plaintiff Daniel Luna, who is incarcerated and proceeding pro so, filed a Third Amended Complaint against Officers Williams, Rose, and Coleman, three correctional officers at California State Prison (Lancaster). [Dkt. No. 25.] On July 1, 2020, the Court issued the Case Management Order and ordered the United States Marshal to effect service on these three defendants. [Dkt. Nos. 26, 27.] On March 10, 2021, Defendants filed a motion to dismiss the Third Amended Complaint. [Dkt. No 46.] On March 11, 2021, the Court ordered Plaintiff to respond to the Motion to Dismiss no later than **April 8, 2021**. [Dkt. No. 47.] To date, Plaintiff has not filed a response.

According to the California Department of Corrections and Rehabilitation website, Plaintiff is still incarcerated at the California State Prison in Lancaster. *See* https://inmatelocator.cdcr.ca.gov (CDCR Number BB2094).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-9061-MCS (PD)                              Date: June 7, 2021

Title      *Daniel S. Luna v. Avalos et al.*

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be subject to involuntary dismissal if a plaintiff "fails to prosecute or to comply with these rules or a court order." As Plaintiff has failed to comply with a Court Order, the Third Amended Complaint is subject to dismissal.

**Plaintiff is ORDERED TO SHOW CAUSE on or before July 12, 2021,** why the Court should not recommend that this action be dismissed for failure to prosecute. Plaintiff may discharge this Order by filing both of the following:

(1) a declaration signed under penalty of perjury, explaining why he failed to comply with the Court's order setting a deadline for his response to the Motion to Dismiss the Third Amended Complaint; and

 (2) a response to the Motion to Dismiss the Third Amended Complaint.

Additionally, on June 1, 2021, Plaintiff filed a letter which suggests that the Court represents him in this matter and which seeks to add "Officer Morales" to the Third Amended Complaint. [Dkt. No. 48.] Plaintiff is reminded that the Court does not represent him.

Plaintiff's request to amend the Third Amended Complaint and add this officer is denied because even construed liberally, the Third Amended Complaint does not contain any allegations related to this individual. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

**Plaintiff is advised that the failure to timely comply with this order may result in the dismissal of this case pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41-1.**


**IT IS SO ORDERED**.


**Initials of Preparer**     :
                              im